**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CARLA FLOOD,                )<br>                             )<br>        Plaintiff,        )<br>                             )<br>    v.                        )<br>                             )<br>                             )<br>RICHARD V. SPENCER, SECRETARY )<br>UNITED STATES DEPARTMENT OF  )<br>THE NAVY, IN HIS OFFICIAL    )<br>CAPACITY                     )<br>        Defendants.           )<br>_____) | Civil Action No. 18-803 (CRC) |

**MEET AND CONFER REPORT**

Pursuant to the Order for Initial Scheduling Conference dated July 23, 2018, Fed. R. Civ. P. 26(f), and L.Civ.R. 16.3, Plaintiff Carla Flood and Defendant Richard V. Spencer, Secretary, United States Department of Navy, by and through undersigned counsel, respectfully state that they have conferred and submit this report and a proposed discovery schedule.

**A. Statement of the Case**

1. <u>Plaintiff's Position</u>

    Plaintiff, who is a qualified person with a disability (blindness), was hired by Defendant as an Educational Assistant. Approximately, 1.5 days into her employment, Defendant terminated Plaintiff's employment on the basis of her blindness, without an individualized assessment of her ability to perform the essential functions of the job, in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. §§ 791.

1

2. <u>Defendant's Position:</u>

Defendant did not violate the Rehabilitation Act in its interactions with Plaintiff. Instead, all actions taken with respect to Plaintiff were based on legitimate, non-discriminatory reasons.  Defendant denies that Plaintiff is entitled to any of the relief that she seeks in this action.

**B. Proposed Schedule**

As set forth more fully in section "C" below, the parties are in agreement on the following dates for inclusion in a scheduling order:

| | |
|---|---|
| Rule 26(a)(l)(A) Initial Disclosures: | September 17, 2018 |
| Deadline to Move to Amend Pleadings or Join Other Parties: | September 7, 2018 |
| Deadline for Post-Rule 26(a) Discovery Requests: | October 1, 2018 |
| Proponent's Rule 26(a)(2) Statement: | November 15, 2018 |
| Opponent's Rule 26(a)(2) Statement: | December 17, 2018 |
| Close of Discovery: | January 18, 2018 |

**C. Matters Discussed by Parties Pursuant to Local Rule 16.3**

1. <u>Dispositive Motions:</u>  Defendant believes that all of Plaintiff's claims will be decided by dispositive motion. Plaintiff believes disputes of material fact preclude dispositive motion on Plaintiff's remedies.  However, Plaintiff believes liability will be established by summary judgment. The parties agree that a briefing schedule for dispositive motions should be set at a status conference following the close of discovery.

2. <u>Joinder and Amendment</u>: Any motion to amend should be filed within 21 days after the initial scheduling conference. Counsel for Plaintiff will share any proposed Amended Complaint with counsel for Defendant before that time in order to ascertain whether Defendant would consent to a motion for leave to amend before one is filed with the Court.

3. <u>Magistrate</u>: The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

4. <u>Settlement/Alternative Dispute Resolution</u>: Defendant is willing to participate in pre-discovery mediation. Plaintiff has submitted a settlement proposal to Defendant, however, prior settlement negotiations with Defendant were unsuccessful and Plaintiff does not believe trial of this matter should be delayed.

5. <u>Dispositive Motions Schedule</u>: Plaintiff believes that Defendant's liability can be established by summary judgment, however, Plaintiff's remedies require trial. Defendant believes that all of Plaintiff's claims will be decided by dispositive motion. The parties respectfully submit that the Court conduct a post-discovery status conference to set a summary judgment schedule.

6. <u>Initial Disclosures</u>: The parties agree to exchange initial disclosures as required by Rule 26(a)(1) thirty days after the Initial Scheduling Conference.

7. <u>Discovery and Protective Order</u>:

a. Discovery Deadline: No discovery has yet taken place in this case. The parties jointly propose that the Court set a discovery schedule for this case in accordance with the above schedule.

    b. Limits on Discovery: The parties agree that twenty-five (25) interrogatories and ten (10) depositions per party shall be deemed sufficient and that any further requests for interrogatories or depositions will require a stipulation or leave of Court.

  8. Experts: The parties agree that the proponent of an expert witness shall make its expert disclosures by November 15. The opponent's disclosures should be made within 30 days of the proponent's disclosures.

  9. Class Action Procedures: This is not a class action lawsuit.

  10. Bifurcation of Discovery or Trial: The parties do not anticipate a need to bifurcate this matter as to liability, damages and injunctive relief.  However, the parties agree to defer the issue of Plaintiff's entitlement to attorneys' fees and costs pursuant to the Rehabilitation Act until after this Court's decision on liability.

11. Proposed Date for Pretrial Conference: The parties request that a pretrial conference be scheduled at a status conference set after the Court's resolution of any Motion for Summary Judgment that may be filed in the case.

  12. Trial Date: The parties request that trial be set at the pretrial conference.

August 10, 2018        Respectfully submitted,

            */s/ Eve L. Hill*
            EVE L. HILL, D.C. Bar no. 424896
            Brown, Goldstein & Levy, LLP
            120 East Baltimore St, Suite 1700
            Baltimore, MD 21202
            T:(410)962-1030
            ehill@browngold.com

SCOTT C. LABARRE, Pro Hac Vice
LaBarre Law Offices
1600 South Albion, Ste 918
Denver, CO 80222
T: (303)504-5979
slabarre@labarrelaw.com

*Counsel for Plaintiff*

JESSIE K. LIU
D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Civil Chief

By: /s/   *Denise M. Clark*
DENISE M. CLARK
D.C. Bar No. 479149
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6605
Denise.clark@usdoj.gov

*Attorney for Defendant*

Of Counsel:

Brian Sheppard, Esq.

5